NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TINGTING CONG, | No. 15-70741 |
| Petitioner, | Agency No. A200-252-663 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2023**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Tingting Cong, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") decision dismissing her appeal of the

immigration judge's ("IJ") decision denying her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. As the parties are familiar with the facts, we do not recount them here. We grant in part and deny in part the petition.

"Where, as here, the Board incorporates the IJ's decision into its own without citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), this court will review the IJ's decision to the extent incorporated." *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014). We review adverse credibility determinations and denials of CAT relief for substantial evidence. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citation omitted).

1.      Substantial evidence does not support at least one of the three grounds on which the BIA relied in upholding the IJ's adverse credibility determination. First, substantial evidence does not support the agency's adverse credibility determination based on a purported inconsistency about the method of forced abortion—the procedure forming the basis for Cong's claim. In evaluating any inconsistency, the IJ should consider "the petitioner's explanation for a perceived inconsistency [] and other record evidence that sheds light on whether there is in fact an inconsistency at all." *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (citation omitted). "If the noncitizen offers an explanation that is reasonable

2

and plausible, the IJ has to provide a specific and cogent reason for rejecting the explanation." *Barseghyan v. Garland*, 39 F.4th 1138, 1143 (9th Cir. 2022) (citation and internal quotation marks omitted).

But here, neither the BIA nor the IJ gave a reason for rejecting Cong's explanation for the inconsistency: that the hospital may have falsified the document stating she received an abortion by medication to "cover up their crime" and to make people believe that she had the abortion voluntarily. The IJ only mentioned Cong's explanation in passing without providing a reason for rejecting it, and the BIA only provided a general statement that Cong's challenge to the IJ's findings was unpersuasive. *Compare Soto-Olarte v. Holder*, 555 F.3d 1089, 1090-91 (9th Cir. 2009) (finding substantial evidence did not support an adverse credibility determination where the agency failed to provide a reason for rejecting the petitioner's explanation that a police report was inconsistent with his testimony because the police wanted to avoid implicating a terrorist organization), *with Dong v. Garland*, 50 F.4th 1291, 1145 (9th Cir. 2022) (finding substantial evidence supported the agency's adverse credibility determination because the agency "specified cogent reasons for rejecting" the petitioner's explanation, such as the petitioner's "long initial pause before answering, followed by a change in his explanation"). Nor did the IJ consider Cong's repeated statements that she was unconscious during the procedure and unsure about the method of abortion used.

Accordingly, the evidence compels the conclusion that the agency made its adverse credibility determination "on less than the total circumstances." *Shrestha*, 590 F.3d at 1044.

Moreover, even if the agency had provided a reason for rejecting Cong's explanation, the "alleged inconsistency does not support the adverse credibility determination because it is not, in fact, inconsistent." *Barseghyan*, 39 F.4th at 1143. According to the IJ, an injection, the use of a tool, and an abortion by medication are mutually exclusive, but this "manufactures a discrepancy by characterizing the factual situation as an either/or situation." *Id.* at 1145 (internal quotation marks omitted). In doing so, the agency speculated about abortion practices in China, but speculation "cannot form the basis of an adverse credibility finding." *Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir. 2000); *see also Kumar v. Garland*, 18 F.4th 1148, 1155 (9th Cir. 2021) (holding that the IJ improperly speculated "about the force of the beating, the medical implications of that force, and the appropriate treatment of various injuries").

As to the two remaining grounds on which the BIA relied in upholding the adverse credibility determination—the inconsistencies regarding Cong's father's occupation, and the lack of details and corroborating evidence regarding Cong's claim that her husband was fired because of the forced abortion—Cong waived any objections by failing to raise them in her brief. *See Cui v. Holder*, 712 F.3d 1332,

4

1338 n.3 (9th Cir. 2013). However, Cong's father's occupation is unrelated to her claims, and we must "avoid premising an adverse credibility finding on an applicant's *failure to remember* non-material, trivial details." *Singh v. Holder*, 643 F.3d 1178, 1180 (9th Cir. 2011) (citation omitted).

Although "our totality of circumstances review . . . permits us to uphold an adverse credibility finding, even where we conclude that some of the grounds are not supported by substantial evidence," we may still remand if a rejected finding "all but gut[s] the BIA's adverse credibility determination." *Kumar*, 18 F.4th at 1156 (internal quotation marks omitted); *see also Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (rejecting the single factor rule). And here, the purported inconsistency regarding the method of abortion goes to the heart of Cong's claim and is thus of "great weight," *Shrestha*, 590 F.3d at 1047. Accordingly, we grant the petition as to the asylum and withholding claims and remand for the BIA to reconsider Cong's credibility and for any necessary further proceedings consistent with this decision.

2. To receive CAT relief, Cong must establish that it is "more likely than not that [she] would be tortured if removed to" China. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)). Even assuming Cong's testimony was credible, substantial evidence supports the denial of CAT relief. Cong was unable to identify any particularized risk of torture

5

in her testimony.  And while the country report Cong provided confirms that "torture does occur in China," it does not compel the conclusion that she is more likely than not to be tortured if returned.  *See Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006) (finding general reports of torture insufficient to compel CAT relief).  Accordingly, we deny the petition as to the CAT claim.

**PETITION GRANTED in part AND DENIED in part; REMANDED. The parties shall bear their own costs on appeal.**